IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KEITH AND SHANNON KIRWAN, )
)
    Plaintiffs, )    Case Number
)
vs. )
)
OLIVER ADJUSTMENT COMPANY )
OF KENOSHA & RACINE, INC. )
)
    Defendant. )

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this district, and Defendant transacts business in this district.

### PARTIES

4. Plaintiffs Keith and Shannon Kirwan (collectively, "Plaintiffs") are natural persons who at all relevant times resided in the State of Wisconsin, County of Kenosha, and City of Trevor.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Oliver Adjustment Company of Kenosha & Racine, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal medical services (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. Prior to September 2012, Defendant began attempting to collect the Debt from Plaintiffs.

12. On September 26, 2012, Plaintiffs sent Defendant written communication via facsimile transmission, and in such communication, Plaintiffs disputed the Debt,

requested verification of the Debt, and demanded that Defendant cease and desist from placing any and all further calls to Plaintiffs. (See September 26, 2012 Letter, attached as Exhibit A).

13. Defendant received Plaintiffs' faxed communication as described above on September 26, 2012 at 2:22 P.M. (See Fax Transmission Verification Report, attached as Exhibit B).

14. Despite Plaintiffs' cease and desist demand, and in connection with the collection of the Debt, Defendant placed calls to Mr. Kirwan's cellular telephone, including, but not limited to, the following dates and times:

- November 28, 2012 at 9:35 A.M.;
- December 20, 2012 at 11:17 A.M.;
- December 20, 2012 at 11:51 A.M.; and
- January 31, 2013 at 2:22 P.M.

15. During the above-referenced November 28, 2012 telephone call, Defendant, by and through its agent and/or employee "Milena," left the following voicemail message:

> Hi Keith this is Milena with Oliver Adjustment Company. If you please, return my call at 262-652-3850. Again my number is 262-652-3850. Thank you.

16. Defendant's November 28, 2012 voicemail message failed to notify Plaintiffs that the communication was from a debt collector.

17. By failing to disclose that the communication was from a debt collector, in its November 28, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiffs.

18. Defendant communicated with Plaintiffs after having received a letter from

Plaintiffs with a request to cease and desist all collections contacts by placing the above-referenced calls.

19. Defendant placed the above-referenced calls with the intent to harass Plaintiffs, by continuing to call Plaintiffs despite Plaintiffs' cease and desist demand.

20. In connection with the collection of the Debt, Defendant sent Plaintiffs written communication dated January 25, 2013 that provided verification of the Debt. (See January 25, 2013 Correspondence, attached as Exhibit C).

21. By placing the November 28, 2012 and December 20, 2012 telephone calls to Plaintiffs, Defendant continued to contact Plaintiffs without having first provided verification of the Debt, after having received a written communication from Plaintiffs disputing the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

22. Plaintiffs repeat and re-allege each and every factual allegation contained above.

23. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiffs after having received a letter from Plaintiffs with a request to cease and desist all collection contacts or a statement that Plaintiffs refuse to pay the alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

24. Plaintiffs repeat and re-allege each and every factual allegation contained above.

25. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs, in connection with the collection of the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(6)

26. Plaintiffs repeat and re-allege each and every factual allegation contained above.

27. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

28. Plaintiffs repeat and re-allege each and every factual allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(b)

30. Plaintiffs repeat and re-allege each and every factual allegation contained above.

31. Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiffs without having first provided verification of the Debt, after having received a written communication from Plaintiffs disputing the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: July 26, 2013.

Respectfully submitted,

By: /s/Marshall S. Meyers
Marshall S. Meyers
ED WI Bar No. 020584
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
Ph: (888) 595-9111; Fax: (866) 565-1327

MMeyers@AttorneysForConsumers.com  
Attorney for Plaintiffs